IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILSE SANCHEZ and KARLA VELAZQUEZ individually and on behalf of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO<br><br>*Defendants*. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Ilse Sanchez and Karla Velazquez ("Plaintiffs"), by their attorneys Fish Potter Bolaños, P.C., and for their complaint against Alexandra Lozano Immigration Law, PLLC ("Immigration Law PLLC") and Alexandra Lozano (collectively, "Defendants"), state as follows:

**INTRODUCTION**

1. Last month, the Federal Trade Commission introduced a proposed rule banning non-competition agreements, in part, because some employers force these restrictive agreements on low-wage workers.[1] Immigration Law PLLC--one of our nation's largest immigration law firms--is the posterchild for this abusive practice.

2. Immigration Law PLLC forces its low-wage employees (for example, $22 per hour legal assistants) to sign restrictive non-competition agreements. It does this even though it is headquartered in a state (Washington) that years ago banned non-competes for low wage workers.

---

[1] https://www.ftc.gov/news-events/news/press-releases/2023/01/ftc-proposes-rule-ban-noncompete-clauses-which-hurt-workers-harm-competition

As a result, Plaintiffs bring this lawsuit as a class action to invalidate their non-competition agreements and seek statutory damages on a class-wide basis.

3. Immigration Law PLLC also records the audio and video of its workers while they are working in its offices. Plaintiffs seek statutory damages for the invasive monitoring that Immigration Law PLLC imposed upon them and the privacy violations that resulted.

4. Finally, Immigration Law PLLC misclassifies some of its workers as exempt to avoid paying them overtime premiums and this action is brought to allow its misclassified workforce to recover overtime premiums owed.

## PARTIES

5. Immigration Law PLLC is one of the largest immigration law firms in the United States and is headquartered in the state of Washington. It employs over 500 employees worldwide, including more than 300 in the United States. It has offices in the following metropolitan areas: Seattle, Los Angeles, Chicago, San Antonio, Texas, and others outside of the United States, including Buenos Aires and a large office in Colombia. It was recently ranked #247 on the Inc. 5000 list of some of the fastest growing companies. It has clients in 48 of the United States. It is a Washington PLLC and its sole Manager is Alexandra Lozano, who is a citizen of the state of Washington.

6. Alexandra Lozano is the sole Manager of Immigration Law PLLC, the star of the show *Tacos y Tequila,* and has thousands of social media followers. She claims to be a best-selling author, national speaker, and to have a "seven figure law firm formula" for growing law firms. Plaintiffs are individuals who were employed by Immigration Law PLLC

7. Karla Velazquez worked for Immigration Law PLLC from approximately November 22, 2022 to January 9, 2023 and had the title of "Legal Assistant". She earned $22 per hour.

8. Ilse Sanchez worked for Immigration Law PLLC from approximately October 17, 2022 to January 9, 2023 under a number of different titles including, "Client Care Specialist", "Senior Paralegal", and "Licenciados". She earned $65,000 per year.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

10. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiffs and Defendant are citizens of different states, there are estimated to be hundreds of potential class members, and over $5,000,000 is in controversy.

11. Venue is proper in this Judicial District as Plaintiffs worked, at least in part, in this Judicial District.

12. This Court has personal jurisdiction over Defendants because, during the relevant time period, they did business in Illinois, Immigration Law PLLC was registered to do business in Illinois, and they committed the statutory violations alleged in this Complaint against individuals located in Illinois even though the tortious conduct was committed in substantial part from the state of Washington.

## Count I
## Illegal Non-Compete Agreement--Violation of RCW 49.62
(Class Action Basis)

13. Plaintiffs individually and on behalf of all others similarly situated, bring this Count I to: (1) recover statutory damages against the Defendants for subjecting them to an unlawful

noncompete agreement and (2) seeking a declaration that their mandated noncompete agreements are not enforceable.

14. The Federal Trade Commission has recently found that (1) "employers' use of noncompetes to restrict workers' mobility significantly suppresses workers' wages—even for those not subject to noncompetes, or subject to noncompetes that are unenforceable under state law" and that "noncompete clauses also hinder innovation and business dynamism in multiple ways—from preventing would-be entrepreneurs from forming competing businesses, to inhibiting workers from bringing innovative ideas to new companies. This ultimately harms consumers; in markets with fewer new entrants and greater concentration, consumers can face higher prices—as seen in the health care sector."[2]

15. In 2016, President Obama issued a "Call to Action on Non-Compete Agreements" based in part on research demonstrating that non-compete agreement suppressed wages by preventing or discouraging employees from switching jobs.[3] The Call to Action recommended that each state limit the use of non-compete agreements and recommended that "to promote compliance and enforcement, states should assign appropriate remedies or penalties for employers that do not comply with state non-compete statutes." *Id.*

16. The state of Washington followed the Call to Action and, in 2019, enacted legislation to limit the abusive use of non-compete agreements. Specifically, it prohibited employers from utilizing non-compete agreements for any employees earning less than $100,000 per year. See, RCW 49.62

---

[2] https://www.ftc.gov/news-events/news/press-releases/2023/01/ftc-proposes-rule-ban-noncompete-clauses-which-hurt-workers-harm-competition

[3] https://obamawhitehouse.archives.gov/sites/default/files/competition/noncompetes-calltoaction-final.pdf

17. As recommended by the Call to Action, Washington also provided remedies to assure that employers were discouraged from utilizing unlawful non-compete agreements. Specifically, it mandated statutory damages of $5,000 per person who is subjected to an unlawful noncompete agreement. RCW 49.62.80 states:

> "If a court or arbitrator determines that a noncompetition covenant violates this chapter, the violator *must* pay the aggrieved person the greater of his or her actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs incurred in the proceeding." (emphasis added)

18. The Defendants continue to require their low wage workers to sign a noncompete agreement. As a condition of employment, each of the Plaintiffs and Immigration Law PLLC entered into Restrictive Covenants (the "Non-Compete Agreement"), a representative copy of which is attached hereto as Exhibit A. Each of Plaintiffs' Non-Compete Agreement has a non-competition section that states in part:

> **"NONCOMPETITION PROVISION**
> **For a period of __12___ [months] after the Employee is no longer employed by the Company, the Employee will not, directly or indirectly, either as proprietor, stockholder, partner, officer, employee or otherwise, distribute, sell, offer to sell, or solicit any orders for the purchase or distribution of any products or services which are similar to those distributed, sold or provided by the Company during the _12____ [months] preceding the Employee's termination of employment with the Company, to or from any person, firm or entity which was a customer of the Company during the _12____ [months] preceding such termination of employment."**

19. Immigration Law PLLC entered into the Non-Compete Agreement, which has no geographic location limitation whatsoever, with each of the Plaintiffs during 2022.

20. Plaintiffs each earned far less than $100,000 per year in annualized compensation in exchange for their work for Alexandra Lozano Immigration Law PLLC.

21. Plaintiffs are each "employees" governed by RCW 49.62.

22. Defendants are each "violators" within the meaning of RCW 49.62.080.

23. The Non-Compete Agreement each Plaintiff signed is a "Noncompetition covenant" within the meaning of RCW 49.62.

24. RCW 49.62.020 provides that "a noncompetition covenant is unenforceable" is an employee is not at least $100,000.

25. The Non-Compete Agreement that Immigration Law PLLC entered into with Plaintiffs are all unenforceable and void.

26. Plaintiffs seek to represent themselves and a Non-Complete Class of similarly situated individuals defined as follows:

> All persons who (a) entered into a Non-Compete Agreement with Immigration Law PLLC and (b) who worked at Immigration Law PLLC on or after January 1, 2020, and (c) who earned less than $100,000 in any year (subject to adjustment as provided in RCW 49.62.040).

27. There are common questions of law and fact that make class-wide treatment of this claim appropriate, including:

    a. Whether RCW 49.62 is enforceable

    b. Whether the Non-Compete Agreement is a "noncompetition covenant" within the meaning of RCW 49.62.

    c. Whether the Non-Compete Agreement is enforceable for those making less than the threshold $100,000.

    d. The appropriate measure of damages for a violation of RCW 49.62.

    e. Whether the Defendants are "employers" and "violators" within the meaning of RCW 49.62 and RCW 49.62.080

    f. Whether the Plaintiffs and Class Members are "employees" within the meaning of RCW 49.62.

28. Numerosity: Defendants require substantially all new employees to execute the Non-Compete Agreement. Therefore, it is believed that there are hundreds of similarly situated employees who signed an unlawful Non-Compete Agreement.

29. Adequacy: The Plaintiffs can adequately support the Class. They have retained counsel who are highly experienced in class action litigation, have been on the forefront of noncompete litigation and policy, and are committed to devoting their resources towards the prosecution of this case.

Wherefore Plaintiffs request judgment in their favor and on behalf of a class of similarly situated individuals in the Non-Compete Class for $5,000 per person plus attorney fees, expenses and costs and a declaration that the Non-Compete Agreement is void.

**Count II**
**Overtime Claims**
(Class / Collective Action Basis)

30. Plaintiff Ilse Sanchez also bring claims for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

31. Defendants misclassified Isle Sanchez as an exempt employee to avoid paying overtime.

32. Ilse Sanchez worked as a "Client Care Specialist", "Senior Paralegal", and "Licenciados". She regularly worked up to sixty hours per week and was not paid overtime premiums for hours worked in excess of forty.

33. Alexandra Lozano is an employer within the meaning of the FLSA and is personally liable for the overtime violations identified herein.

34. Immigration Law PLLC is an enterprise engaged in commerce or in the production of goods for commerce within 203(s)(1)(A) of the FLSA. Upon information and belief (and

specifically Alexandra Lozano disclosing that her law firm realizes $1 million per month on *Immigration Lawyers* Podcast 158) the Immigration Law PLLC's annual gross volume of sales made, or business done has exceeded $500,000, exclusive of excise tax.

35. Plaintiff Ilse Sanchez worked for Defendants within the past three years.

36. Defendants failed to pay Plaintiff Ilse Sanchez proper overtime wages of one and one-half times her regular rate of pay for all hours worked over forty hours in a workweek.

37. Defendants misclassified Plaintiff Ilse Sanchez and other similarly situated employees as exempt employees to avoid paying them overtime compensation.

38. Defendants paid Plaintiff Ilse Sanchez a salary.

39. Plaintiffs Ilse Sanchez, however, did not have duties that would make her exempt from receiving overtime pay.

40. Defendants similarly misclassified the following categories of workers as exempt from receiving overtime pay and failed to pay them overtime premiums: Client Care Specialists, Paralegals, Legal Assistants, Managers, and Licenciados.

41. Plaintiff Ilse Sanchez seek to maintain their claims under the Fair Labor Standards Act.

42. Plaintiff Isle Sanchez seeks to represent an Overtime Class of the following individuals: All individuals who (a) worked for Immigration Law PLLC in the past 3 years, (b) were paid in part on a salary basis and (c) who had the title of Client Care Specialists, Paralegals, Legal Assistant, Managers or Licenciados.

**WHEREFORE**, Plaintiffs individually and on behalf of others similarly situated request justice in their favor and against the Defendants for all relief available to them under the overtime laws plus an award of interest, penalties, liquidated damages, and attorney fees.

## Count III
### Illegal Recording without Consent --Violation of RCW 9.73.030
(Class Action Basis)

43. Plaintiffs Ilse Sanchez and Karla Velazquez, on behalf of themselves and all others similarly situated, also bring this Count III to: (1) recover statutory damages against the Defendants for subjecting them to illegal recordings made without their consent and (2) seeking a declaration that any information obtained from such illegal recordings cannot be used as evidence in any proceeding whatsoever.

44. The state of Washington has enacted laws to protect the privacy of individuals that make it unlawful for any individual, partnership, corporation, association to intercept, or record (a) any private communication, whether transmitted by telephone or other device, between two or more individuals between points within or without the state, and/or (b) any private conversation by any device electronic or otherwise designed to record and/or transmit said communication without first obtaining the consent of all participants in the communication. See RCW 9.73.030, emphasis added.

45. Washington state also provided remedies to compensate victims whose privacy was so violated, including actual damages such as mental pain and suffering or liquidated damages computed at the rate of one hundred dollars a day for each day of the violation, not to exceed one thousand dollars, and reasonable attorneys' fees and costs of litigation. See RCW 9.73.060.

46. Defendants have placed surreptitious recording devices that make and retain both visual and audio recordings throughout their office locations, which they use to record the private conversations and communications of any individual physically present in their office spaces, including their employees.

9

47. Plaintiffs and their colleagues were unaware that their every private conversation and communication were being recorded.

48. Defendants did not obtain, and Plaintiffs did not provide, consent for the recordings to be made.

49. Upon information and belief, Defendants regularly record Zoom and telephone communications between their employees and other individuals, including those with other employees, management, clients, and potential clients.

50. Plaintiffs were unaware these communications were being recorded.

51. Defendants did not obtain, and Plaintiffs did not provide, consent to the recording of these private Zoom and telephone communications.

52. Plaintiffs seek to represent themselves and a class of similarly situated individuals defined as follows:

All persons who (a) who worked at Immigration Law PLLC on or after February 21, 2021, and (b) whose conversations and communications were recorded without their consent ("The Illegal Recording Class").

53. There are common questions of law and fact that make class-wide treatment of this claim appropriate, including:

    a. Whether RCW 9.73.030 has been violated.

    b. Whether one of the exceptions to RCW 9.733.030 apply.

    c. The appropriate measure of damages that should be awarded for the violation of RCW 9.733.030.

54. Numerosity: Defendants have placed recording devices, both audio and video, throughout their offices. It is their practice to record both audio and video of all Zoom calls, as well as to record telephone calls. Therefore, it is believed there are hundreds of similarly situated

employees, not to mention clients and other callers, who have been subjected to illegal recordings of their phone communications and private conversations without their consent.

55. Adequacy: The Plaintiffs can adequately support the Class. They have retained counsel who are highly experienced in class action litigation and are committed to devoting their resources towards the prosecution of this case.

**WHEREFORE,** Plaintiffs request judgment in their favor and on behalf of a class of similarly situated individuals for statutory damages plus attorney fees, expenses and costs.

### Count IV
### Right of Publicity
(Class Action Basis)

56. Plaintiffs individually and on behalf of all others similarly situated, bring this Count IV to recover statutory damages for unlawfully using their photographs and likeness.

57. Defendants utilize the photographs and likeness of their employees for social media, marketing, and to seek publicity for Immigration Law PLLC.

58. Defendant Alexandra Lozano heavily markets her law firm and personality on social media and through law firm promotional material. She is the star of the show *Tacos y Tequila,* has thousands of social media followers, and claims to be a best-selling author, national speaker, and to have a "seven figure law firm formula" for growing law firms. In her promotional materials, Alexandra Lozano regularly utilizes photographs of Immigration Law PLLC employees to market the law firm.

59. On January 21, 2022, which is after Ilse Sanchez stopped working for the Defendants, Immigration Law PLLC posted Ilse Sanchez's photograph on a social media platform and utilized it for marketing purposes. Ilse Sanchez did not consent to this use of her photograph or likeness.

11

60. RCW 63.60.010 governs the use of Personality Rights and states that individuals have a property right in the use of their photographs and likeness.

61. RCW 63.60.060 provides for statutory damages of $1,500 for an infringement on the use of Personality Rights plus an award of attorney fees.

62. Plaintiffs bring this Count IV on behalf of all persons who had their Personality Rights utilized by Defendants on their social media pages at any time since February 21, 2021.

**WHEREFORE,** Plaintiffs request judgment in their favor and on behalf of a class of similarly situated individuals for statutory damages plus attorney fees, expenses and costs.

Dated: February 21, 2023

Respectfully submitted,

**ILSE SANCHEZ and KARLA VELAZQUEZ**

By: /s/ David Fish
One of Plaintiffs' Attorneys

M. Nieves Bolaños
FISH POTTER BOLAÑOS, P.C.
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
(312) 861-1800

David J. Fish
FISH POTTER BOLAÑOS, P.C.
200 East 5th Avenue, Suite 115
Naperville, Illinois 60563
(312) 861-1800
docketing@fishlawfirm.com