IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILSE SANCHEZ and KARLA VELAZQUEZ individually on behalf of all other persons similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO<br><br>*Defendants.* | Case No.: 23-cv-1028<br><br>Hon. Judge Virginia Kendall<br><br>Hon. Magistrate Judge Susan Cox |

**PLAINTIFFS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT TERM SHEET AND RE-SCHEDULE THE PARTIES' SETTLEMENT CONFERENCE**

Plaintiffs and proposed class representatives, Ilse Sanchez and Karla Velazquez, by and through their counsel FISH, POTTER, BOLAÑOS, P.C. bring this Motion to Enforce the attached Settlement Term Sheet and reschedule the previously set settlement conference.

**Procedural History and Settlement Negotiations**

Ilse Sanchez and Karla Velazquez filed a three-count Complaint alleging violations of Washington State's law prohibiting non-compete agreements for low-wage workers (Count I), the Fair Labor Standards Act ("FLSA") for misclassification and failure to "true up" their overtime rate based on commissions earned (Count II), and Washington State's law prohibiting nonconsensual recordings of private communications (Count III). See Doc. # 1.

Ms. Sanchez and Ms. Vazquez also filed charges at the National Labor Relations Board ("NLRB") alleging violations of section 7 of the National Labor Relations Act ("NLRA") in the form of policies prohibiting employees from discussing the terms and conditions of their employment including through the use of restrictive non-disparagement and "no gossip" policies.

In March 2023, the Parties, through their respective counsel, executed an agreed Settlement Term Sheet, attached hereto as Exhibit A. The Settlement Term Sheet outlined the terms of settlement of Ms. Sanchez and Ms. Velazquez's NLRB charges including the monetary amounts and scope of the releases. The Defendants agreed to pay Plaintiff Sanchez $100,000 and Plaintiff Velazquez $75,000 as consideration for releasing their wrongful termination claims and waiving reinstatement. Specifically excluded from the release were the claims included in this case. Exh. A., Para. 1 (1)-(4).

With respect to this case, the Parties agreed they would 1) file an agreed order to stay the case pending mediation, 2) agree to non-binding mediation utilizing, *inter alia*, Magistrate Judge Susan Cox 3) with the goal of extinguishing all liability Defendant Alexandra Lozano Law PLLC ("Lozano Law") may have on a class-wide basis for the claims in this case. Exh A, Paras 2-3. Finally, Defendant Lozano Law agreed to provide initial disclosures to counsel for the Class sufficient to address the scope of the class and extent of any damages claimed as per the allegations in the Complaint. *Id*. at Para 4.

As agreed, the Parties requested a Settlement Conference with Magistrate Judge Cox, which was granted and is currently set for June 22, 2023. See e.g., Doc. # 13. Plaintiffs' initial demand letter is due May 18, 2023. *Id*. In order to prepare for the same, Plaintiffs' Counsel have made numerous requests, including on March 13, 2023, March 29, 2023, and April 18, 2023, outlining specific disclosures necessary to craft a demand letter, namely:

1) the number of workers who entered into a Non-Compete Agreement and worked for ALIL on or before January 1, 2020 and earned less than $100,000.00;

2) Payroll records for employees that worked for ALIL from February 21, 2020 through the present on a salary basis and who held the titles of Client Care Specialists, Paralegals, Legal Assistants, Manages, or Licenciado/a;

3) Payroll records for all employees that worked for ALIL from February 21, 2020 through the present and were paid commissions or bonuses for helping to obtain clients; and

4) The number of employees that worked for ALIL on or after February 21, 2021.

This information was also included in the Parties' Joint Status Report. Doc. #15.

Plaintiffs' requests have been roundly ignored and Defendants have provided no initial disclosures to date despite their explicit agreement to provide "initial disclosures to counsel for the Class sufficient to address the scope of the class and extent of any damages claimed as per the allegations in the Complaint." Exh. A, Para 4. Instead, in violation of the Parties' agreement to stay the case pending mediation, Defendants filed a Motion to Compel Arbitration. Doc. #17-18. Plaintiffs will file a response to Defendants' Motion to Compel Arbitration separately and pursuant to this Court's May 8, 2023 Order. Doc. #19.

### **Argument**

A district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it. *Wilson v. Wilson,* 46 F.3d 660, 664 (7th Cir. 1995). The Settlement Term Sheet was negotiated, agreed to, and executed in the state of Illinois regarding claims filed in the state of Illinois therefore it is Illinois contract law that applies in determining whether an enforceable agreement has been formed. *Silver v. Means*, 2021 WL 3033532, at *2 (N.D. Ill. July 19, 2021), appeal dismissed, 2022 WL 265882 (7th Cir. Jan. 26, 2022). Under Illinois contract law, a binding agreement requires a meeting of the minds or mutual assent as to all material terms. *Abbott Lab'ys v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999). Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do. *K4 Enters., Inc. v. Grater, Inc.*, 394 Ill.App.3d 307, 333 Ill.Dec. 198, 914 N.E.2d 617, 624 (2009) (citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill.2d 306, 113 Ill.Dec. 252, 515 N.E.2d 61, 65 (1987)).

In *Dillard v. Starcon International, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007), the Court found that the parties orally entered into a legally binding settlement agreement where they agreed on the following terms: (1) payment of $65,000; (2) reinstatement of job (3) payment for training (4) an opportunity to pass a test; and (5) and reinstatement in the Chicago area, which allowed for a binding settlement agreement. The Court made this finding despite the fact that the parties disagreed about whether the following terms should be a part of their agreement: (1) a release of future claims, (2) a promise not to partake in future investigations, (3) a damages provision for a violation, (4) a non-disparagement clause, (5) disagreement on designation of employment as at-will; (6) whether Plaintiff has to adhere to procedures and policies, and (7) a reservation of rights relating to discipline or laying the plaintiff off. The Seventh Circuit found that despite all the differences, there was a binding settlement agreement on the material terms.

Here, an enforceable and legally binding agreement has been formed. The Parties have agreed to at least as many material terms as those in the *Dillard* case, including (1) payments of sum certain to the Plaintiffs to resolve and dismiss the NLRB charges; (2) the scope of Plaintiffs' releases of claims; (3) a waiver of reinstatement of employment; (4) and an agreement to participate in binding mediation with, *inter alia*, Magistrate Judge Cox, to attempt to resolve this case as it was currently pending in the Northern District of Illinois and a stay of those claims pending the mediation. Though additional terms may be included in the finalized written agreements, they are more analogous to those the *Dillard* court found were not sufficient to moot an otherwise enforceable agreement.

Defendants have now seemingly decided that they would rather pursue these claims, whether to mediate or otherwise, in another forum. However, this circuit had made clear that buyer's remorse cannot undo a contract to which all parties have given their assent and for which

all of the conditions precedent have been fulfilled. *Newkirk v. Vill. of Steger*, 536 F.3d 771, 775 (7th Cir. 2008). Defendants should be held to the terms of the undeniably enforceable agreement they entered into knowingly and with the assistance of competent legal counsel. Their delay and apparent refusal to do so has prejudiced Plaintiffs such that they will be unable to provide a settlement demand on the date previously set by this Court. As such, Plaintiffs also seek to re-schedule the mediation for a date in late July to allow Plaintiffs time to analyze the data and enable the Parties to exchange the required correspondence in advance of the Settlement Conference.

WHEREFORE, Plaintiffs respectfully request the Court enforce the Parties' Settlement Term Sheet and 1) Order Defendants to participate in a Settlement Conference with Magistrate Judge Cox; 2) Order Defendants to provide Plaintiffs with the information they have requested, outlined herein, to enable them to make an informed settlement demand no later than May 29, 2023; 3) re-set the Settlement Conference for a date in late-July, 2023; and any other relief the Court deems necessary or just.

Respectfully Submitted,

/s/ M. Nieves Bolaños
David J. Fish
M. Nieves Bolaños
Fish Potter Bolaños, P.C.
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
dfish@fishlawfirm.com
nbolanos@fishlawfirm.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing PLAINTIFFS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT TERM SHEET AND RE-SCHEDULE THE PARTIES' SETTLEMENT CONFERENCE was served upon all parties by e-filing this 10th day of May 2023 with the Clerk of the Court using the CM/ECF system.

/s/ M. Nieves Bolaños\_\_\_\_
One of Plaintiff's Attorneys