# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ILSE SANCHEZ and KARLA VELAZQUEZ individually on behalf of all other persons similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO<br><br>*Defendants*. | Case No.: 23-cv-1028<br><br>Hon. Judge Virginia Kendall<br><br>Hon. Magistrate Judge Susan Cox |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Plaintiffs, by and through their undersigned counsel, filed the instant surreply in order to bring to the Court's attention certain relevant facts that arose after the filing of their response brief and which provide additional support in opposition to Defendants' motion to compel arbitration.

**Facts and Procedural History**

On May 4, 2023, Defendants filed their motion to compel arbitration of this matter. Doc. #17. Pursuant to this Court's May 8, 2023 Order, Plaintiffs filed their response in opposition to the motion on May 22, 2023. Doc. #19. Plaintiffs agreed to Defendants' request for additional time to file their reply brief which, that motion being granted, was filed on June 2, 2023. Doc. #25.

On June 7, 2023, Plaintiffs and class representatives, Ilse Sanchez and Karla Velazquez, returned an executed settlement agreement to the National Labor Relations Board ("NLRB") resolving their claims filed in that forum. See Exhibit A - NLRB Settlement. The agreement had

been previously executed by Defendant Alexandra Lozano Immigration Law, PLLC.[1] The NLRB

Agreement invalidates and makes unenforceable so many substantive provisions of the

Employment Agreement at issue herethat the entire agreement has been rendered unenforceable

and severance would be inappropriate, as outlined more fully below.

> **I.    The Parties' NLRB Settlement  Agreement Confirms That the Employment Agreement Is Largely Unlawful.**

This Court should not enforce the arbitration clause in the Employment Agreement

("Agreement").  The National Labor Relations Board issued the Informal Settlement Agreement

after investigating and reviewing this matter. The NLRB agreement found that several significant

portions of the Employment Agreement violated National Labor Relations Act, making those

provisions unenforceable.  The parties here explictly agreed the provisions were "unlawfully

broad". Quoted language from the Settlement Letter shows that the portions include:

- "WE WILL NOT maintain or enforce the following unlawfully broad provisions in our Employee Policy Manual, or anywhere else:
  - Section 3bii.: Professional Conduct
  - Section 3c.: Company Property"
- "WE WILL NOT maintain or enforce the following unlawfully broad provisions in our Employment Agreement, or anywhere else:
  - *Section 3: No Conflicting Interest*
  - *Section 7: Non-Solicitation*
  - *Section 8: Non-Disclosure*
  - *Section 9: Best Efforts*
  - *Section 10: Non-Disparagement*
  - *Section 11: Reasonable Restrictions*
  - *Section 12: Remedies"*
- "WE WILL rescind, or make lawful modifications to the rules quoted above, and advise employees in writing that the rules are no longer being maintained."

---

[1] The agreement has not yet been approved by the NLRB however in light of the lengthy and involved negotiations regarding the terms of the agreement, it would be unlikely the NLRB would not approve it.

Exhibit A - NLRB Settlement at 7 (emphasis added).[2]

     The NLRB Agreement gutted almost every substantive provision of the Employment

Agreement, like a piece of Swiss Cheese:



---

[2] The Parties agreement that the provisions were "unlawfully broad" was based upon the National Labor Relations Act (NLRA). Section 7 of the NLRA) gives employees the right to engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection." Section 8(a)(1) of the Act makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Section 7″ of the Act. *Continental Group*, 357 NLRB 409 (2011) at 412. See, *NLRB v. Bever-age-Air Co*., 402 F.2d 411, 419 (4th Cir. 1968); *Cardinal Home Products*, 338 NLRB 1004, 1005–1006 (2003). *See also, Trayco of S.C., Inc.*, 297 NLRB 630, 634. (1990).



16. Binding Effect: This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

17. Amendments: This Agreement may only be amended or modified by a written instrument executed by both the Employer and the Employee.

18. Arbitration. Employee and Company agree that any dispute over this Agreement or Employee's employment will be decided in final binding arbitration before an arbitrator in King County, Washington. The parties agree to first attempt to agree on an arbitrator but if they fail to do so the parties agree to request a list from JAMS or similar service and alternatively strike names. Each party will be allowed discovery as allowed under Washington's Civil Rules, with the arbitrator deciding any discovery dispute. At the close of the arbitration, the arbitrator will issue a written decision that will not be subject to appeal except as allowed under the Federal Arbitration Act. The prevailing party will be awarded attorney fees and costs. **THIS MEANS AN ARBITRATOR, NOT JUDGE OR JURY, WILL DECIDE ANY DISPUTE BETWEEN THE PARTIES CONCERNING EMPLOYEE'S EMLOYMENT WITH EMPLOYER.**

19. Governing Law: This Agreement will be construed in accordance with and governed by the laws of the State of Washington.

20. Counterparts. This Agreement may be executed in counterparts, each of which shall constitute one and the same agreement.

**IN WITNESS WHEREOF** the parties have duly signed under hand and have executed this AGREEMENT the day and year first written above:

X _____
Employee 11/4/2022
Date: _____

X _____
On behalf of: Alexandra Lozano Immigration Law PLLC
Date: 11/4/2022

13. Entire Agreement. This Agreement contains the entire agreement of the parties and there are no other promises or condition in any other agreement whether oral or written. This Agreement supersedes and prior written or oral agreements between the parties.

14. Severability. If any provision or provisions of this Agreement are held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

15. Waiver of Contractual Right. The failure of either party to enforce and provision of this Agreement shall bot be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

Karla Vanessa Velazquez

The cumulative effect of the majority of substantive provisions of the Agreement being invalidated by the National Labor Relations Board ("NLRB") further undermines the integrity of the contract including the arbitration clause, rendering it functionally moot.

**The Arbitration Provision Is Not Severable From The Unlawful Sections.**

The Employment Agreement contains a severability clause. Doc. #18, pg. 16. Because of this, the Court must first consider whether the agreement can be salvaged by removing all of the unenforceable provisions. *Bain v. Airoom, LLC,* 2022 IL App (1st) 211001, ¶ 52, 207 N.E.3d 1015, 1028, reh'g denied (June 29, 2022) quoting *Abbott-Interfast Corp. v. Harkabus*, 250 Ill. App. 3d 13, 21, 189 Ill.Dec. 288, 619 N.E.2d 1337 (1993). The presence of a severability clause, however, is not dispositive. *Potiyevskiy v. TM Transp., Inc.*, 2013 IL App (1st) 131864-U, ¶¶ 39-40. Illinois courts have cautioned against modifications to contractual language and severance in situations such as these where it would be "tantamount to drafting a new contract." *Turner v. Concord*

*Nursing & Rehab. Ctr., LLC,* 2023 IL App (1st) 221721, ¶ 47; quoting *Lee/O'Keefe Insurance Agency, Inc. v. Ferega,* 163 Ill. App. 3d 997, 1007, 114 Ill.Dec. 919, 516 N.E.2d 1313 (1987).

Here, the unenforceable sections make up the near entirety of the substantive terms of the Employment Agreement. Without them, the roughly four-page Agreement shrinks down to only a little over two pages. What remains is largely boilerplate. Allowing the Agreement to stand without the unenforceable terms would alter the language so significantly that doing so "would frustrate the contractual expectations of the parties." *Kepple & Co. v. Cardiac, Thoracic & Endovascular Therapies, S.C.*, 396 Ill. App. 3d 1061, 1066, 920 N.E.2d 1189, 1193 (2009) (finding that that the services contract is not severable due to multiple unenforceable terms, and therefore and is void in its entirety) quoting *VG Marina Management Corp. v. Wiener*, 378 Ill.App.3d 887, 895–96, 317 Ill.Dec. 622, 882 N.E.2d 196, 204 (2008). Additionally, as Plaintiffs argued in their Response, the arbitration clause itself contains an unenforceable fee-shifting provision, making the agreement even less salvageable. Doc. #22.

Having more than one substantive unenforceable term is a significant factor when weighing whether the Agreement can be enforced at all. The agreement in *Bain v. Airoom* contained multiple unenforceable provisions, which, in the words of the Court, "changed the calculus," ultimately concluding that the entire agreement was unconscionable and unenforceable. *Bain,* 207 N.E.3d at 1029; see also *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.,* 378 Ill. App. 3d 437, 457, 316 Ill.Dec. 445, 879 N.E.2d 512 (2007) (finding severance inappropriate where contractual provisions were "severely overbroad," such that "significant modification would be necessary to make them conform to legal standards of reasonableness"). Thus, the Agreement is unenforceable under Illinois law.

While Defendant has assumed Illinois law applies throughout the briefing, paragraph 19 of the Employment Agreement states that Washington law applies. The Agreement is also unenforceable under Washington law, for similar reasons. "Washington law grants courts discretion to sever unconscionable contract provisions or refuse to enforce the entire contract." *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1262 (9th Cir. 2005); RCW 62A.2-302 (providing courts with discretion to enforce a contract containing unconscionable provisions). In *Al-Safrin,* the Ninth Circuit refused to sever an arbitration provision from a contract containing unenforceable provisions. It distinguished a case where the Washington Supreme Court severed an unenforceable provision "because only two discrete provisions" were unenforceable. *Id.* at 1262. *See also, Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1084 (9th Cir. 2007) (agreement "contains *four* substantively unconscionable or void terms…These provisions cannot be stricken or excised without gutting the agreement", applying California law) (emphasis in original).

Here, as in *Al-Safrin,* almost all the substantive provisions have been found unenforceable. The unenforceable provisions make up a significant portion of the Employment Agreement and contain terms that are essential and tied to the language in the arbitration clause. The arbitration clause states in relevant part that, "Employee and Company agree that any dispute over this Agreement or Employee's agreement will be decided in final binding arbitration." Doc. #18, p. 17. With the several portions of the Employment Agreement unenforceable, it leaves the Agreement a hollow shell *Potiyevskiy,* 2013 Ill.App. (1st) 131864-U, Para 40. The arbitration clause is to be read together with the rest of the Employment Agreement, and without the terms deemed unenforceable, it is functionally moot. See Alberto v. Cambrian Homecare, 308 Cal. . 3d 230, 241 (Ct. App. 2023) (finding that unconscionability permeated the arbitration agreement as a

whole, and therefore the unconscionable provisions could not be severed and the arbitration agreement was void).

**II.     The Corporate Defendant Continues To Waive Any Arbitration Right That Existed.**

In the alternative, the NLRB Agreement further demonstrates that the Defendant Lozano Immigration Law has waived any right it had to arbitrate disputes.  While the Employment Agreement states that "any dispute over this Agreement or Employee's employment will be decided in final binding arbitration before an arbitrator in King County, Washington", the parties entered into a voluntary settlement agreement before the National Labor Relations Board in Chicago.  Entering into a settlement agreement with the Plaintiffs resolved a dispute over "this Agreement" (it invalidated several sections of it) and "Employee's employment" (Defendant paid $170,000 because it used its unlawful policies to fire the Nmed Plaintiffs).

On top of this, the Defendants previously entered into a Term Sheet agreeing they would hold a settlement conference with the Plaintiffs.  Doc. #   In April 2023, the Parties voluntarily agreed to a settlement conference with Magistrate Judge Cox in June 2023. [Dkt. #30]  While Defendants have backed out of their Term Sheet promise to hold the settlement conference, it is entirely inconsitent with the right to arbitrate to settle claims before the NLRB and agree to use judicial resources to have a settlement conference.

**Conclusion**

The NLRB's decision and Defendants' agreement to moot the near entirety of the substantive terms in the Employment Agreement has rendered the entire agreement moot and, as such, it is unenforceable as a whole inclusive of the arbitration clause, which in itself contains unconscionable and unenforceable fee-shift provisions.

WHEREFORE, Plaintiffs respectfully request the Court:

1) Grant Plaintiffs motion to file the instate surreply and consider these arguments based on new facts that arose after the Parties' briefing on this matter had concluded.

2) Deny Defendants' motion to Compel Arbitration.

3) If the Court is inclined to compel arbitration for any of the claims in this lawsuit, Plaintiffs respectfully request it deny the motion as it relates 1) all claims against Defendant Lozano; 2) Count I of Plaintiffs' Complaint; 3) strike the fee shifting provision contained in Paragraph 18 of the Agreement.

4) Grant any other relief the Court deems necessary or just.


Respectfully Submitted,
/s/ M. Nieves Bolanos

David J. Fish
M. Nieves Bolaños
Fish Potter Bolaños, P.C.
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
dfish@fishlawfirm.com
nbolanos@fishlawfirm.com
Attorneys for Plaintiffs

.