# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILSE SANCHEZ and KARLA VELAZQUEZ individually and on behalf of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO,<br><br>*Defendants*. | Case No. 1:23-cv-01028<br><br>Honorable Virginia M. Kendall<br><br>Magistrate Judge Susan E. Cox |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SURREPLY REGARDING DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants Alexandra Lozano and Alexandra Lozano Immigration Law PLLC, by and through their attorneys, submit the following response to Plaintiffs' Surreply in Opposition to Defendants' Motion to Compel Arbitration (Dkt. No. 30) ("Surreply").

**I.  Plaintiffs' Arbitration Agreements are Unaffected by the Parties' NLRB Settlement.**

As part of the Parties' settlement with the National Labor Relations Board ("NLRB" or the "Board"), Defendants agreed not to maintain or enforce certain sections of the Plaintiffs' Employment Agreements. The provision containing the Parties' agreements to arbitrate was ***not*** one of those sections. As such, the NLRB settlement has no effect on the Parties' agreements to arbitrate and the Motion to Compel Arbitration currently before the Court. *See* Defendants' Motion to Compel Arbitration, Dkt. No. 20 ("Motion to Compel"). Plaintiffs' only angle is to argue that because Defendants have agreed not to enforce certain provisions the Court should find the ***entirety*** of the Employment Agreements "functionally moot." Surreply at 4. Plaintiffs' argument is both baseless and contrary to the Parties' express intent that "[i]f any provision or provisions of [the

Employment Agreement] are held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable." *See* Motion to Compel, Ex. A ¶ 14, Ex. B ¶ 14 ("severability clause").

Plaintiffs argue that the severability clause is insufficient to preserve their agreement to arbitrate because "[a]llowing the [employment] agreement to stand without the unenforceable terms would frustrate the contractual expectations of the parties." Surreply at 5. Plaintiffs do not explain what that means or how enforcing the arbitration provisions would frustrate the Parties' "contractual expectations" when the Parties (i) expressly agreed to the provisions, and (ii) agreed that they should remain enforceable even if other provisions in the Employment Agreement are unenforceable for any reason. Further, Plaintiffs are parties to and signed off on the NLRB settlement agreement and their expectations could not plausibly have been frustrated by changes to the Employment Agreement that they endorsed. Plaintiffs' assertion regarding the "contractual expectations" is baseless and inconsistent with the Parties' agreements.

The arbitration provisions at issue are standalone provisions in the Plaintiffs' Employment Agreements and are unrelated to the provisions that Defendants agreed not to enforce, which address conflicts of interests, non-solicitation of employees, non-disclosure of confidential information, employees' best efforts, non-disparagement, and the availability of injunctive relief as a remedy for employees' violation. *See* Surreply at 2. Nothing in those provisions or in the NLRB settlement affects the Parties' agreement to arbitrate their claims in this case or justifies overriding the severability clause and invalidating all the remaining provisions of Plaintiffs' Employment Agreements.

The cases Plaintiffs cite are readily distinguishable and do not support invalidating the arbitration provisions. For instance, in *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254 (9th Cir.

2

2005), the Ninth Circuit found the parties' arbitration agreement unenforceable because unconscionable provisions "pervade[d] the entire arbitration agreement and any attempt to sever those provisions would render the procedure unworkable." *Id*. at 1262. *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, likewise, involved "several significant provisions in the **arbitration agreement** [that were] unconscionable" and a finding that the agreement could not "be cured by a simple act of modification or severance." *Id*. ¶ 2. Here, **no portion** of the arbitration provisions has been deemed unconscionable and the unrelated provisions that Defendants agreed not to enforce are easily severable from the agreement to arbitrate. Neither *Al-Safin* nor *Bain*, nor any other of the cases Plaintiffs cite support invalidating an arbitration agreement because a party agreed not to enforce other unrelated provisions in an agreement.[1]

## II. Defendants Did Not Waive Their Right to Arbitration.

Plaintiffs' argument that the Parties' settlement agreement with the NLRB constitutes a waiver of Defendants' right to arbitrate their claims is simply wrong. The Parties' arbitration agreements do not, and legally cannot, restrict employees' right to file charges with the NLRB. Defendants were obligated to defend Plaintiffs' NLRB charges in that forum and settling those charges did not waive their right to arbitrate the claims at issue in this suit. *See* National Labor Relations Act § 10(a), 29 U.S.C. § 160(a) (the Board's power to prevent unfair labor practices "shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise"); *Int'l Assoc. of Machinists v. United Aircraft Corp.*,

---

[1] Defendants focus on *Bain* and *Al-Safrin* in particular as those are the two cases upon which Plaintiffs most heavily rely and address both Illinois and Washington law. The other authorities Plaintiffs cite however, are also plainly distinguishable. *See, e.g.*, *Cambridge Eng'g, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 457, 316 Ill. Dec. 445, 463, 879 N.E.2d 512, 530 (2007) (addressing the court's obligation to modify an over-broad restrictive covenant rather than invalidate it outright); *Kepple & Co. v. Cardiac, Thoracic & Endovascular Therapies, S.C.*, 396 Ill. App. 3d 1061, 1066 (2009) (where a fee-sharing provision violating the Medical Practice Act of 1987 was an essential term of the contract the remaining provisions were not severable).

3

337 F.2d 5, 8 (2d Cir. 1964) ("The standard rule . . . is that the right to resort to the Board for relief against unfair labor practices cannot be foreclosed by private contract.").

Further, even if Defendants could waive their right to private arbitration by proceeding before the NLRB, they have not done so here. For a court to infer waiver of the right to arbitrate, it must find that the party acted inconsistently with the right to arbitrate. *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011). Here, the Parties never engaged in substantive proceedings before the Board. Defendants never submitted a position statement or responded to information requests, and the Board never issued a formal complaint or made any merits determination. Defendants' prompt resolution of Plaintiffs' charges prior to any litigation does not evidence an intent to proceed with litigation before the Board and is not a waiver of Defendants' contractual right to arbitrate the claims at issue.

Plaintiffs' final argument that the Parties' term sheet for their NLRB settlement constitutes a waiver of their right to arbitrate is also unfounded as explained in Defendants' Reply brief. *See* Defendants' Reply in Support of Their Motion to Compel Arbitration, Dkt. No. 25, at 11-13. Defendants will not burden the Court by re-arguing that point here.

## CONCLUSION

For the reasons set forth herein and in their Defendants' Motion to Compel Arbitration and Reply in Further Support of Their Motion to Compel, Defendants respectfully request that the Court compel Plaintiffs to arbitrate pursuant to their binding agreements, dismiss this action with prejudice, or in the alternative, stay these proceedings while the Parties arbitrate their claims, and grant any further relief deemed just and appropriate.

Dated: June 27, 2023            **ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO**

By: /s/ Jeffrey L. Rudd
     One of Defendants' Attorneys

Jeffrey L. Rudd
Gregory H. Andrews
Julia S. Wolf
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
E-mail: jeffrey.rudd@jacksonlewis.com
       gregory.andrews@jacksonlewis.com
       julia.wolf@jacksonlewis.com