IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILSE SANCHEZ and KARLA VELAZQUEZ, individually and on behalf of all other persons similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALEXANDRA LOZANO IMMIGRATION )<br>PLLC and ALEXANDRA LOZANO, )<br>)<br>)<br>Defendants. ) | Case No. 1:23-cv-01028 |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT

Defendants Alexandra Lozano Immigration PLLC ("ALIL") and Alexandra Lozano (collectively, "Defendants") and Plaintiff Ilse Sanchez ("Plaintiff") (Plaintiff, with Defendants, the "Parties"), by and through their respective attorneys, jointly move the Court to approve the settlement entered into by the Parties. In support of this Motion, the Parties state as follows:

1. Plaintiff filed a Complaint and Demand for Jury Trial alleging, in part, ALIL misclassified Plaintiff as exempt under the Fair Labor Standards Act ("FLSA") and is entitled to unpaid overtime, liquidated damages, and attorneys' fees under the FLSA.

2. Plaintiff and Defendants engaged in extensive settlement discussions, which has resulted in the Parties reaching agreement on the terms of a settlement as reflected in a Settlement Agreement and General Release ("Agreement").

3. The Parties hereby seek leave to submit a copy of the Agreement to the Court for *in camera* review. In the event that the Court determines that the Agreement must be filed, the Parties would request leave to file the Agreement under seal or with the pertinent financial terms

1

redacted.

3. When an employee asserts a claim against his employer or former employer for wages under the FLSA, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986).

4. The settlement reached by the Parties is fair to Plaintiff. The Parties disputed whether Plaintiff was misclassified as exempt and, if so, whether any overtime pay was due to Plaintiff under the FLSA. The ultimate settlement amount reflects a compromise of the Parties' positions and reflects a significant payment to Plaintiff to resolve her FLSA claim.

5. Accordingly, the Parties submit that the payment Plaintiff will be receiving pursuant to the settlement agreements fairly and reasonably compensates her for relinquishing her FLSA claim.

6. The Parties submit that the settlement agreement was reached through arms' length negotiations between the Parties, who were all represented by counsel with significant experience with the IWPCA.

8. Accordingly, the Parties request the Court approve the settlement agreements as a fair and reasonable resolution of bona fide disputes over wages under the FLSA.

9. Upon approval of the settlement agreements, the Parties further request the dismissal of the suit, initially without prejudice and converting to one with prejudice within thirty (30) days, with each party to bear its or their own costs and attorneys' fees except as provided for in the settlement agreements.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendants respectfully request that this Court enter an Order: (i) approving the settlement agreement as s fair and reasonable resolution of bona fide disputes under the FLSA, and (ii) dismissing this suit as set forth above

and with each party to bear its or their own costs and attorneys' fees except as provided for in the Agreement.

Dated: August 7, 2024

ILSE SANCHEZ and KARLA VELAZQUEZ

By: */s/ David Fish*
David J. Fish
Workplace Law Partners, P.C.
155 N. Michigan Ave., Ste. 719
Chicago, IL 60601
(312) 861-1800
docketing@fishlawfirm.com

Respectfully submitted,

ALEXANDRA LOZANO IMMIGRATION LAW PLLC and ALEXANDRA LOZANO

By: */s/ Gregory Andrews*
Gregory H. Andrews
Jackson Lewis P.C.
150 N. Michigan Ave., Ste. 2500
Chicago, IL 60601
(312) 787-4949
gregory.andrews@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing the **Joint Motion for Court Approval of Settlement and Dismissal of Complaint** was served upon all parties by e-filing on August 7, 2024 with the Clerk of the Court using the CM/ECF system.

By: /s/ David Fish
One of Plaintiffs' Attorneys